## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## Case No. 5:21-cv-00125-BJB-LLK

**BENJAMIN K. SCOTT,**                                                                                               **PLAINTIFF**

**v.**

**MARQUETTE TRANSPORTATION**                                        **DEFENDANTS**
**COMPANY, LLC RIVER DIVISION**
**AND HEALTHWORKS MEDICAL,**
**LLC**

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER AND GRANTING LEAVE TO AMEND COMPLAINT

Plaintiff Benjamin Scott has moved this Court to reconsider any rulings made against him without his knowledge. Mot. Recons. and Amend Compl. [DN 35]. Plaintiff further moves this court to grant him leave to amend his complaint to include a count for wrongful termination. Mot. Recons. and Amend Compl. [DN 35]. Defendants Marquette Transportation Company, LLC ("Marquette") and Healthworks Medical, LLC ("Healthworks"), have responded to Plaintiff's motion. Def. Marquette's Resp Opp'n Pl. Mot. Recons. and Amend Compl. [DN 38]; Def. Healthworks's Resp Opp'n Pl. Mot. Recons. and Amend Compl. [DN 39]. The Court will address Plaintiff's request as two separate motions: a Motion to Reconsider and a Motion to Amend. For the reasons that follow, Plaintiff's Motion to Reconsider [DN 35] is **DENIED**, and Plaintiff's Motion to Amend, [DN 35], is **GRANTED**.

### Background and Procedural History

Plaintiff brought the instant case alleging Race, Gender/Sex, Disability, and Genetic discrimination on September 7, 2021. Complaint [DN 1]. Plaintiff was promptly notified that his Complaint included several deficiencies, including a lack of signature and failure to pay the appropriate filing fees. Notice of Deficiency [DN 3]. Plaintiff contacted the Court to explain he

could remedy these deficiencies and did so on October 28, 2021. Resp. to Notice of Deficiency [DN 6]. Plaintiff later filed amendments to his Complaint on two occasions. Pl.'s Addendum/Supp. to Civil Compl. November 14, 2021 [DN 7]; Pl.'s Mot. Recon. and Amend Compl. [DN 35]. When perfecting his filing, Plaintiff registered to receive court documents electronically. Registration to Receive Docs. Electronically [DN 5]. This registration waived Plaintiff's right to receive notice by first class mail and could only be withdrawn by notifying the Court in writing. *Id.*

When Plaintiff filed his Complaint, he was notified that no summons had yet been properly issued. Notice on Summons [DN 4]. Plaintiff was provided with copies of the summons and complaint for service on Defendants. Public Remark of December 27, 2021. Plaintiff attempted to serve Defendants by certified mail, providing only his receipts for certified mail as proof. Return of Service of Summons [DN 9]. Plaintiff was notified by the Postmaster of Paducah that Healthworks had not been served, since they had moved. Pro Se Filing February 5, 2022 [DN 12].

The Court ordered Plaintiff to serve Healthworks on several occasions. *See* Order of May 19, 2022 [DN 19] (ordering Plaintiff to serve Healthworks before the Telephonic Status Conference ("TSC") scheduled for June 29, 2022); Order of July 1, 2022 [DN 21] (ordering Plaintiff to serve Healthworks by July 29, 2022 and providing Plaintiff with Healthworks's address). Plaintiff again attempted to serve Healthworks through certified mail, providing only his receipt for purchase of certified mail as proof to the Court. Notice of Filing Certified Mail Receipt [DN 22]. Counsel for Marquette agreed to notify the Court if Healthworks had received Plaintiff's certified mail and if they will waive service in order to proceed with the case. Order of September 15, 2022 [DN 25]. Healthworks has not waived service but has entered an appearance

for the purpose of filing a Motion to Dismiss. *See* Notice of Appearance [DN 33]; Def. Healthworks's Resp Opp'n Pl. Mot. Recons. and Amend Compl. [DN 39] at 1. The Court ordered Plaintiff to show cause with a written pleading by December 5, 2022, why Healthworks should not be dismissed for failure to properly affect service. Show Cause Order [DN 28]. While Plaintiff appeared for the December 5, 2022, TSC and indicated he had more proof of service, he has neither presented such proof to the Court nor filed the required written pleading. *See* Order of December 6, 2023 [DN 30].

Several hearings or conferences have been held in this matter. A TSC was scheduled for March 21, 2022. Text Order of March 4, 2022 [DN 15]. Plaintiff contacted the court to explain he could not attend, and the TSC was rescheduled for May 11, 2022. Text Order of March 29, 2022 [DN 18]. The Court initiated the call and contacted Plaintiff. Plaintiff appeared *pro se* and Marquette was represented by counsel. Order of May 19, 2022 [DN 19].

A TSC was scheduled for June 23, 2022. The Court indicated it would initiate the call and contact Plaintiff. *Id.* The Court rescheduled the TSC for June 29, 2022. Text Order of June 22, 2022 [DN 20]. Plaintiff appeared *pro se* and Marquette was represented by counsel. Order of July 1, 2022 [DN 21].

A TSC was scheduled for August 19, 2022. The court indicated it would initiate the call and contact Plaintiff. *Id.* Plaintiff contacted the court to explain he could not attend, and the TSC was rescheduled for September 12, 2022. Text Order of September 7, 2022 [DN 24]. Plaintiff appeared *pro se* and Marquette was represented by counsel. Order of September 15, 2022 [DN 25].

A TSC was scheduled for November 7, 2022. *Id.* The Court indicated that counsel and Plaintiff should call in and provided access information. *Id.* Marquette appeared through

counsel, but Plaintiff neither appeared nor notified the Court he would be unable to appear. Show Cause Order [DN 28]. Plaintiff was warned that failure to appear for future TSC may result in sanctions, contempt, or dismissal of his claims. *Id.*

A TSC was scheduled for December 5, 2022. *Id.* The Court indicated that counsel and Plaintiff should call in and provided access information. *Id.* Plaintiff appeared *pro se* and Marquette was represented by counsel. Order of December 6, 2022 [DN 30]. Plaintiff only attended after the Court staff called him. *Id.*

A TSC was scheduled for February 27, 2023. *Id.* The Court indicated that counsel and Plaintiff should call in and provided access information. *Id*. Marquette appeared through counsel, but Plaintiff neither appeared nor notified the Court he would be unable to appear. Order of February 28, 2023 [DN 31]. Plaintiff was again warned that failure to appear for future TSC may result in sanctions, contempt, or dismissal of his claims. *Id.*

A TSC was scheduled for April 10, 2023. *Id*. The Court indicated that counsel and Plaintiff should call in and provided access information. *Id*. Marquette appeared through counsel, but Plaintiff neither appeared nor notified the Court he would be unable to appear. Order of April 12, 2023 [DN 32].

## Legal Standard

This Court's has authority "both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health and Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). The Court affords such relief "as justice requires." *Id.* (citing *Citibank N.A. v. Fed. Deposit. Ins. Corp.*, 857 F. Supp. 976, 981 (D.D.C. 1994)). In evaluating whether to reconsider an interlocutory order, the Court reviews whether there is "(1) an intervening change

of controlling law; (2) new evidence available; or [3] a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)). The decision to reconsider its interlocutory orders is committed to the Court's discretion. *Id.* at 952.

The Court should freely give leave to amend a party's pleadings before trial. Fed. R. Civ. P. 15(a)(2). Courts "liberally construe[]" *pro se* filings, because "*pro se* litigants should not be precluded from resorting to the courts merely for a want of sophistication." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Such leniency is not warranted when a *pro se* litigant fails to adhere to requirements understandable by a layperson. *Id.* A district court may deny a motion to amend "because of (1) undue delay, (2) "bad faith or dilatory motive" by the party seeking to amend, (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) undue prejudice to the opposing party, or (5) futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

## Analysis

The Court has not issued any interlocutory judgment in this matter, and as such cannot reconsider any such judgment. Plaintiff asks this court "[i]f the Court has ruled against me without my knowledge, I am seeking to move this Honorable Court to Reconsider its finding[.]" Mot. Recon. and Amend Compl. [DN 35] at 1. Thus far, the Court's orders have involved attendance at TSCs, requiring Plaintiff to show cause, and assisting the Plaintiff with serving Healthworks. *See generally*, *supra*. The Court has not entered an order penalizing Plaintiff for his failure to attend TSCs, dismissing Healthworks for failure to serve, or any other relief

requested by Defendants. *See* Answer of Def., Marquette Transportation Company, LLC [DN 14] at 3–4. Without any such order there is nothing for the Court to reconsider, and Plaintiff's Motion to Reconsider is therefore denied.

Plaintiff also asks to amend his Complaint to include a claim for wrongful termination and "clean up any errors and add any necessary details that are pertinent to the instant case." Mot. Recon. and Amend Compl. [DN 35] at 1. Plaintiff claims that Marquette "wrongfully terminated [his] employment on 12/29/21 in retaliation to the previous EEOC Charges and lawsuit [he] filed against Marquette and HWM LLC in this Court." Mot. Recons. and Amend Compl. [DN 35] at 3. Marquette argues that this is a "naked assertion devoid of further factual enhancement" and therefore should be denied. Def. Marquette's Resp Opp'n Pl. Mot. Recons. and Amend Compl. [DN 38] at 8.

Because the Court reads Plaintiff's *pro se* filings liberally, they are sufficient to proceed. Plaintiff filed a Declaration of Charging Party, [DN 23], on August 29, 2022. In his Declaration, Plaintiff alleges that he received a call the same day he filed a charge with the EEOC by a representative of Marquette. Decl. Charging Party [DN 23] at 10. He alleges the representative asked about the EEOC charge, and that Plaintiff found the call intimidating. *Id.* Plaintiff was subsequently fired. Mot. Recons. and Amend Compl. [DN 35] at 3.

Plaintiff's Motion to Amend does not fall in any of the categories outlined in *Foman* as reasons to deny liberal amendment of pleadings. Plaintiff's Motion does not appear to be unduly delayed, based on bad faith, or sourced from a dilatory motive. His Motion accompanies a request to "clean up any errors and add any necessary details that are pertinent to the instant case." Mot. Recons. and Amend Compl. [DN 35] at 1. Plaintiff has no legal training, and "[t]he drafting of a formal pleading presupposes some degree of legal training[.]" *Jourdan* 951 F.2d at

110. Plaintiff's Motion does not unduly prejudice the opposing party, since no trial date has been set and the wrongful termination claim is similar to Plaintiff's other claims. Plaintiff's Motion does not follow repeated failures to cure deficiencies in his pleadings—Plaintiff has only been notified of one deficiency and promptly cured it. Resp. to Notice of Deficiency [DN 6]. Finally, Plaintiff's Motion is not futile, as explained above. Absent any such reason, the Court sees no reason to ignore the liberal amendment requirements in Federal Rule of Civil Procedure 15. Furthermore, Plaintiff's request is to amend his complaint to correct errors, not to merely proceed on his addenda. Mot. Recons. and Amend Compl. [DN 35] at 1.

Certainly, because Plaintiff's claims are distributed among his Complaint [DN 1] and his amendments to that Complaint [DNs 7, 35], and because those claims rely on facts alleged in a separate Declaration [DN 23], Plaintiff's claims cannot be readily understood or replied to by Defendant. Even though this Court reads pro se filings liberally, this should not prejudice the opposing party. *See Moore v. Agency Int'l Dev.*, 994 F.2d 874, 878 (D.C. Cir. 1993) (permitting liberal construction only so long as defendant was not prejudiced). These considerations, alongside judicial economy, dictate that this Court allow Plaintiff to collect his claims into a single pleading. In the interests of evaluating this case on the merits, rather than on the technicalities of pleading, Plaintiff's Motion to Amend is granted and Plaintiff must file one Superseding Amended Complaint addressing each cause of action, the relief requested, and the factual basis on which his claims rest.

## ORDER

Accordingly, Plaintiff's Motion to Reconsider and Amend, **[DN 35] is GRANTED** in part as to Plaintiff's request to amend his Complaint and **DENIED** in part as to Plaintiff's request that the Court reconsider its rulings.

The Court **ORDERS Plaintiff to file a Superseding Amended Complaint on or before November 20, 2023, containing all claims arising in this case, the factual support for each cause of action, and the relief requested**.

**Plaintiff is** warned that failure to file the Superseding Amended Complaint **within the allotted time may result in DISMISSAL of this action** for failure to comply with an order of the Court.

This **Superseding Amended Complaint will replace** the original complaint, [DN 1], and all of Plaintiff's subsequently filed motions seeking to amend/add/supplement his claims, [DNs 7, 34, 35].

The Court **FURTHER ORDERS** Defendants to file their Answer to Plaintiff's Amended Complaint within 30 days of its filing.

It is **FURTHER ORDERED** that Plaintiff's duplicative Motion to Reconsider and Amend, **[DN 34]** is **DENIED** as moot.

Finally, it is **HEREBY ORDERED** that Plaintiff shall file a written pleading with the Court on or before **November 20, 2023**, to show cause why his claims against Defendant Health Works should not be dismissed for failure to properly affect service as directed by Judge Thomas B. Russell. [DN 19, 21].

October 17, 2023

Lanny King, Magistrate Judge
United States District Court